IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES GAUTHIER, §  | | |
|    Plaintiff, § | | |
| § | CIVIL ACTION NO. | |
| § | 1:23-CV-00281 | |
| V. § | | |
| § | | |
| GOODYEAR TIRE & RUBBER CO., § | | |
|    Defendant § | | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

JAMES GAUTHIER (hereafter "Plaintiff" or "Gauthier") files this THIRD AMENDED COMPLAINT (hereafter "Complaint") complaining of THE GOODYEAR TIRE & RUBBER CO. (hereafter, "Defendant" or "GOODYEAR"), and would show the Court as follows:

## I.  INTRODUCTION

1. Plaintiff worked for THE GOODYEAR TIRE & RUBBER CO. as an operator for approximately 24 years and 6 months. Plaintiff distinguished himself by his hard work, competency, and commitment to his job. Unfortunately, on or about June 16, 2021, a sequence of events led employees for THE GOODYEAR TIRE & RUBBER CO. to request that Plaintiff alter the timeline of reported events related to faulty equipment at the plant which caused an environmental contaminant to be released. After the incident, another employee took responsibility for the incident, however, Plaintiff was terminated shortly after he refused to alter the timeline of when he had reported the incident to his team lead.

1

## II. DISCOVERY CONTROL PLAN

2. Plaintiff alleges that discovery in this lawsuit is intended to be conducted under level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## III. THE PARTIES AND SERVICE

3. Plaintiff, JAMES GAUTHIER (hereafter "Plaintiff" or "Gauthier") is an individual and a resident of Jefferson County, Texas. The last three digits of his social security number are 175 and the last three digits of his driver's license are 310.

4. Defendant, THE GOODYEAR TIRE & RUBBER CO., is a Foreign For-Profit company. Defendant, THE GOODYEAR TIRE & RUBBER CO., has been properly served and is before this Honorable Court.

## IV. JURISDICTION AND VENUE

5. Jurisdiction is on the basis of diversity of citizenship.

6. Venue is appropriate in Jefferson County, Texas pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.001-15.003. More specifically, venue is proper in Jefferson County, Texas for any and all of the following reasons: All or a substantial part of the events or omissions made the basis of Plaintiff's claims in this action occurred in Jefferson County, Texas. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## V. FACTS

7. Plaintiff was the board operator on day shift on June 12, 2021. The alarms started going off around 6:30 A.M. due to a water level control probe equipment malfunction. The malfunction caused the valve to open to 100%. The hydrocarbon alarms went off and Plaintiff reported it to his Team Lead, John Cooper, and Operator Brian Bergeron so that they could

visually inspect and to check with LEL meters. LEL meters are handheld devices that are used to check for environmental emissions of hydrocarbons.

8.  Multiple times the employees using LEL meters reported back that they saw nothing, smelled nothing, and that the LEL meter detected no hydrocarbon releases. The alarms continued to sound.

9.  Around noon, Plaintiff was able to use the process operator board to read data from the past. This is called "trending". This data indicated to Plaintiff that the C-Stripper and the decanter water control valve was open at 100%. Plaintiff "trended" back and found it had been open since around 4:45 A.M.

10. Unfortunately, the Team Lead did not report to the Site Shift Manager, Sonny Garcia, that hydrocarbons had been released to the ditch/pad.

11. On June 16, 2021, prior to the investigation meeting, the HR representative called Plaintiff in and asked if there was anything Plaintiff wanted to change with his statement. The HR representative further stated to Plaintiff that his timeline did not match up with the times on the DCS and that he was off by an hour. Plaintiff informed her that he would not revise his statement and that the times he provided were as accurate as he could be.

12. Sonny Garcia would later claim that he was never informed about the release. John Cooper would later admit he felt like it was his fault, that he was the Team lead, and he did not take it serious enough.

13. Plaintiff was terminated for refusing to alter the timeline so the company could avoid a violation for releasing hydrocarbons and failing to timely report and respond to the release.

14. Defendant had an obligation to report the hydrocarbon release to a governmental agency. Upon the determination that a reportable discharge or spill has occurred, the responsible

3

person shall notify the agency as soon as possible but not later than 24 hours after the discovery of the spill or discharge." 30 Tex. Admin. Code § 327.3.

15. Plaintiff is aware of other reports that Defendant had violated hydrocarbon handling rules. This fact makes Defendant particularly sensitive to reporting that would reveal additional violations or violations for longer than had been first reported.

16. Defendant, through its supervisors and employees, came up with false allegations of alleged behavior by the Plaintiff which resulted in his termination.

17. Plaintiff's supervisors asked him to create a fraudulent timeline that would relieve the company from any pollution reporting violations.

18. Plaintiff refused to go through with the illegal demands of his supervisors and was retaliated against by being wrongfully terminated.

19. The above-referenced illegal conduct by Defendant through its supervisors and employees have caused significant injury to Plaintiff, including but not limited to the following: (1) lost wages, benefits, and other privileges of employment; (2) pain and suffering; (3) mental anguish; (4) emotional distress; (5) embarrassment; (6) humiliation; (7) loss of enjoyment of life; (8) irreparable damage to his good name and reputation; and (9) irreparable damage to his professional career and future earning potential.

20. At all relevant times, Defendant through its supervisors and employees has acted in bad faith, intentionally, and with malice in retaliating against Plaintiff, as alleged herein.

21. Each of the causes of action set forth below adopts the facts and incorporates them into the allegations of each cause of action.

## VI.     CAUSE OF ACTION –
## RETALIATION FOR REFUSAL TO COMMIT AN ILLEGAL ACT

22.     Plaintiff asserts a claim under the theory established in *Sabine Pilot Service Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). Tampering with a witness is a crime under Tex. Penal Code Sec. 36.05. Further, if Mr. Gauthier had changed his story as his employer requested, he would have committed a criminal offense by making a false statement to law enforcement. Plaintiff also refused to alter evidence in an ongoing investigation, which is a crime under Tex. Penal Code Sec.37.09. Finally, Plaintiff refused to commit perjury by making false statements under oath which is a crime under Tex. Penal Code Sec.37.02.

23.     Upon the determination that a reportable discharge or spill has occurred, the responsible person shall notify the agency as soon as possible but not later than 24 hours after the discovery of the spill or discharge." 30 Tex. Admin. Code § 327.3. This initial report is to include the date, time, and location of the spill or discharge as well as the duration of the incident.

24.     In this instance, Plaintiff's reported timeline would have placed Defendant outside of this 24-hour window and subject to further fines. Rather than terminate the Team Lead that failed to report timely, the Defendant chose to terminate Plaintiff when he would not alter his factual timeline related to the when the release was first discovered.

## VII.     DAMAGES

25.     Plaintiff seeks damages for his loss of retirement, health insurance, overtime pay, regular pay and all other available damages, including but not limited to the following: (1) lost wages, benefits, and other privileges of employment; (2) pain and suffering; (3) mental anguish; (4) emotional distress; (5) embarrassment; (6) humiliation; (7) loss of enjoyment of life; (8) irreparable damage to his good name and reputation; and (9) irreparable damage to his professional career and future earning potential.

## VIII.    ATTORNEY'S FEES

26.    It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs.

## IX.    JURY DEMAND

27.    Plaintiff demands that this Court empanel a lawful jury to hear this case.

## X.    RESERVATION OF RIGHTS

28.    Plaintiff specifically reserves the right to bring additional causes of action against Defendant and to amend this Complaint as necessary.

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a jury trial hereof, this Court grant her the following relief:

a. Lost past wages and benefits from all Defendant;

b. Lost future wages and benefits from all Defendant;

c. All actual damages, compensatory damages, general damages, special damages, and punitive damages as allowed by law from all Defendant;

d. Monetary relief in the fullest amount allowed by law;

e. Judgment against all Defendant for all other relief, legal or equitable, to which Plaintiff deems herself entitled; and

f. Reinstatement, or in lieu or reinstatement, front pay as equitable relief.

g. Plaintiff further seeks pre- and post-judgment interest, costs of court, attorney's fees, expert fees, and litigation expenses for trial and appeal from all Defendant.

        Brandon P. Monk
        4875 Parker Drive
        Beaumont, Texas 77705
        Phone:  (409) 724-6665
        Fax:     (409) 729-6665
        brandon@themonklawfirm.com

By:    */S/ Brandon P. Monk*
        BRANDON P. MONK
        State Bar No. 24048668

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, a true and correct copy of the foregoing was served to opposing counsel ECF.

        */S/ Brandon P. Monk*
        BRANDON P. MONK