IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES GAUTHIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-281 |
| | § | |
| THE GOODYEAR TIRE & RUBBER CO., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DKT. 40)**

Plaintiff, James Gauthier respectfully submits this response in opposition to Defendant, The Goodyear Tire & Rubber Co.'s Motion for Summary Judgment (Dkt. 40). As set forth below, there are genuine issues of material fact that preclude summary judgment on Plaintiff's Sabine Pilot claim.

**LEGAL STANDARD**

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

**THERE IS A FACT ISSUE AS TO WHETHER GOODYEAR REQUIRED
GAUTHIER TO COMMIT AN ILLEGAL ACT**

To prevail on a Sabine Pilot claim, a plaintiff must show that the employer required the employee to commit an illegal act carrying criminal penalties. *Sabine Pilot Serv., Inc. v. Hauck*,

687 S.W.2d 733, 735 (Tex. 1985). The Fifth Circuit has recognized that "whether an employer's request rises to the level of a 'requirement' is generally a question of fact." *Roca v. King's Creek Plantation, LLC*, 500 F. App'x 273, 276 (5th Cir. 2012) (unpublished).

Contrary to Goodyear's assertion, there is evidence that Goodyear required Gauthier to change his statement about the hydrocarbon leak incident, not merely requested it. Gauthier testified that when he met with HR representative Shalyn Bevil, "the first question she asked me is if I wanted to change my statement." (Gauthier Dep. 66:12-13) (Exhibit A). Gauthier further testified: "She asked if I would be willing to change my statement." (Id. 69:25-70:1). While Goodyear characterizes this as a mere request, a reasonable jury could conclude that an HR representative asking an employee if they are "willing" to change a statement about a workplace incident amounts to a requirement, particularly in the context of an ongoing investigation into that incident.

Moreover, Gauthier testified that he believed he was being asked to change his statement in order to backdate it and help Goodyear avoid fines for not timely reporting the hydrocarbon leak:

"And I felt like I was asked to change my statement so that they could backdate it and get out of the fine. And because I did not change my statement, they did not get out of the fine. That's what I feel." (Id. 77:2-5).

This testimony creates a fact issue as to whether Goodyear was requiring Gauthier to falsify a statement to cover up a regulatory violation, which would constitute an illegal act. The Fifth Circuit has recognized that falsifying documents to cover up regulatory violations can constitute an illegal act for purposes of a Sabine Pilot claim. See *Beets v. Texas Instruments, Inc.*, No. 94-

10034, 1994 WL 714026, at *3 (5th Cir. Dec. 16, 1994) (unpublished) (falsifying environmental compliance reports could be basis for Sabine Pilot claim).

In addition to the Fifth Circuit authorities previously cited, Texas state courts have consistently held that whether an employer's request rises to the level of a "requirement" is a fact issue for the jury. In *Morales v. SimuFlite Training Int'l, Inc.*, 132 S.W.3d 603, 608 (Tex. App.—Fort Worth 2004, no pet.), the court held that "whether an employer's statement rises to the level of a 'request' or 'requirement' is generally a question of fact." Similarly, in *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003), the court, applying Texas law, noted that whether the employer required the illegal act is "typically a fact issue to be decided by a jury."

Gauthier's testimony that he was asked if he was "willing" to change his statement (Gauthier Dep. 69:25-70:1) creates a fact issue as to whether this constituted a requirement. Texas courts have recognized that even indirect pressure can amount to a "requirement" under Sabine Pilot. See *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723, 724 (Tex. 1990) (noting that Sabine Pilot applies when an employee is "unacceptably forced to choose between risking criminal liability or being discharged").

Moreover, Texas courts have held that falsifying documents or records can constitute an illegal act for purposes of Sabine Pilot. In *Higginbotham v. Allwaste, Inc.*, 889 S.W.2d 411, 416 (Tex. App.—Houston [14th Dist.] 1994, writ denied), the court held that falsifying testing records could form the basis of a Sabine Pilot claim. Gauthier's testimony that he believed he was being asked to change his statement to help Goodyear avoid regulatory fines (Gauthier Dep. 77:2-5) is analogous to the situation in Higginbotham and creates a fact issue as to whether he was being asked to commit an illegal act.

## **THERE IS A FACT ISSUE AS TO WHETHER GAUTHIER WAS TERMINATED SOLELY FOR REFUSING TO COMMIT AN ILLEGAL ACT**

To prevail on a Sabine Pilot claim, a plaintiff must show that the refusal to perform the illegal act was the sole reason for termination. *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012). The Fifth Circuit has recognized that this causation element is typically a fact issue for the jury. See Roca, 500 F. App'x at 277 ("Whether an employee's refusal to perform an illegal act was the sole cause for his termination is generally a question of fact for the jury.").

Goodyear claims Gauthier cannot show he was terminated solely for refusing to change his statement. However, Gauthier testified that he believes he was wrongfully terminated "for something that I had no control over" and that he "did everything that I was supposed to do as the board operator that was within my control and things didn't happen right and I was the one terminated for it." (Gauthier Dep. 67:8-14). He further testified that he believes he was terminated because he refused to change his statement to help Goodyear avoid fines:

"I was asked to change my statement. And when I didn't and things weren't reported, I was terminated." (Id. 77:13-14).

This testimony creates a fact issue as to whether Gauthier's refusal to change his statement was the sole reason for his termination. While Goodyear may offer other reasons for the termination, it is the jury's role to weigh the evidence and determine the true reason. See *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (in employment cases, "the issue of the employer's true motive for termination is typically a question of fact for the jury").

Texas courts have consistently held that the causation element of a Sabine Pilot claim—whether the refusal to perform the illegal act was the sole cause of termination—is a fact issue for the jury. In *Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995), the Texas

Supreme Court stated that "[w]hether the plaintiff's refusal to perform an illegal act was the sole cause for the plaintiff's discharge is a question of fact."

More recently, in *Physio GP, Inc. v. Naifeh*, 306 S.W.3d 886, 888 (Tex. App.—Houston [14th Dist.] 2010, no pet.), the court reiterated that "whether an employee's refusal to perform an illegal act was the sole cause for his termination generally presents a question of fact." This is true even when the employer offers alternative reasons for the termination. See *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000) (holding that the existence of "legitimate reasons" for termination does not preclude a Sabine Pilot claim if the jury determines the illegal act was the sole cause).

Gauthier's testimony that he believes he was terminated because he refused to change his statement (Gauthier Dep. 77:13-14) creates a fact issue as to the cause of his termination. While Goodyear may offer other reasons, it is the jury's role to weigh this evidence and determine the true cause of Gauthier's termination.

## CONCLUSION

For the foregoing reasons, there are genuine issues of material fact that preclude summary judgment on Plaintiff's Sabine Pilot claim. Accordingly, Defendant's Motion should be denied.

Respectfully submitted,

Brandon P. Monk
THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Phone:  (409) 724-6665
Fax:      (409) 729-6665
brandon@themonklawfirm.com

By:   */s/ Brandon P. Monk*
        BRANDON P. MONK
        State Bar No. 24048668
        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification on this 2nd day of October, 2024 to:

Kelley Edwards
LITTLER MENDELSON, PC
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Phone: (713) 951-9400
Fax: (713) 951-9212
kedwards@littler.com


*Of Counsel:*
Urvashi Morolia
LITTLER MENDELSON, PC
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Phone: (713) 951-9400
Fax: (713) 951-9212
umorolia@littler.com

ATTORNEYS FOR DEFENDANT


          */s/ Brandon P. Monk*

          Brandon P. Monk