**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

JAMES GAUTHIER,                    §
                                   §
          Plaintiff,               §
                                   §
*versus*                           §          CIVIL ACTION NO. 1:23-CV-281
                                   §
GOODYEAR TIRE & RUBBER CO.,        §
                                   §
          Defendant.               §

## MEMORANDUM AND ORDER

Pending before the court is the question of whether Plaintiff's counsel, Brandon Monk ("Monk"), should be sanctioned for submitting a response brief to the court that includes case cites generated by artificial intelligence that refer to nonexistent cases as well as to nonexistent quotations. After issuing a show cause order, the court held a hearing on November 21, 2024, in which Monk was asked to show cause as to why the court should not impose sanctions. Having considered the record, the applicable law, and the testimony and evidence presented at the hearing, the court is of the opinion that Monk should be sanctioned.

I.    Background

Defendant Goodyear Tire & Rubber Co. ("Goodyear") moved for summary judgment on September 12, 2024, in this wrongful termination lawsuit (#40). On October 2, 2024, Monk, acting as counsel for Plaintiff, filed a response in opposition to Goodyear's Motion for Summary Judgment (#41) ("Response"). As observed by Goodyear in its reply (#42), Monk's Response cites two cases that do not exist.[1] In addition, the Response includes multiple quotations that

---

[1] The nonexistent cases are "*Roca v. King's Creek Plantation, LLC*, 500 F. App'x 273, 276 (5th Cir. 2012) (unpublished)" and "*Beets v. Texas Instruments, Inc.*, No. 94-10034, 1994 WL 714026, at *3 (5th Cir. Dec. 16, 1994) (unpublished)."

cannot be located within the cited authority.[2]  On October 9, 2024, Monk filed a sur-reply (#43) that failed to address the issues Goodyear raised in its reply concerning the authenticity of the case law included in the Response.

On November 7, 2024, the court entered an order directing Monk to show cause why the court should not impose sanctions for his failure to comply with Federal Rule of Civil Procedure 11(b)(2) as well as the Eastern District of Texas Local Rules, including but not limited to Local Rule AT-3(b), stating that a lawyer owes a duty to exercise candor, diligence, and utmost respect to the judiciary, and AT-3(m), requiring a lawyer to review and verify any computer-generated content to ensure that it complies with all such standards.  The court set the matter for a hearing on November 21, 2024.

On November 15, 2024, Monk filed a Motion for Leave to File Amended DKT 41 (#45), wherein he admits to committing error and requests leave to amend his Response to remove the citations to the nonexistent cases and quotations.

On Thursday, November 21, 2024, the court held the show cause hearing on the matter. Monk explained that he used a generative artificial intelligence ("A.I.") tool to produce the Response and failed to verify the content.[3]  Monk further recounted that he attempted to check the

---

[2] The Response cites nonexistent quotations from the following cases:  *Morales v. SimuFlite Training Int'l, Inc.*, 132 S.W.3d 603 (Tex. App.—Fort Worth 2004, no pet.); *White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222 (Tex. 2015); *Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629 (Tex. 1995); *Physio GP, Inc. v. Naifeh*, 306 S.W.3d 886 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *City of Midland v. O'Bryant*, 18 S.W.3d 209 (Tex. 2000), as well as from the hallucinatory case, *Roca v. King's Creek Plantation, LLC*, 500 F. App'x 273 (5th Cir. 2012).

[3] Monk explained that he used "Claude," which is a generative A.I. tool that can be used for drafting.  Monk stated that he has used Claude in other cases and is in the process of verifying other submissions he had made to the court.

content of the Response by using a feature available through Lexis AI. According to Monk, the Lexis AI feature failed to flag the issues with the Response. Monk further stated that despite Goodyear raising the issues with the citations in the Response in its reply brief, it was not until after the court's Show Cause Order that he attempted to locate the cases and verify their content. Counsel for Goodyear stated that the problematic Response required her and other attorneys at her firm to spend additional time searching for the cases cited by Monk, researching their legal theory of the case, and drafting the reply brief. According to counsel for Goodyear, the cost of drafting its reply brief was $7,521.26. Monk admitted that he committed an error and apologized to the court.

II.    <u>Analysis</u>

Rule 11 of the Federal Rules of Civil Procedure establishes the standard that attorneys and parties must meet when filing documents in federal court. Specifically, Rule 11(b)(2) requires the attorney filing any litigation document to certify that " the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2); *see Alston v. Miss. Dep't of Transp.*, 804 F. App'x 225, 228 (5th Cir. 2020).

In determining whether an attorney has complied with Rule 11, the standard under which he is judged is "an objective, not subjective, standard of reasonableness." *Snow Ingredients, Inc. v. Snowizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003)); *accord Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 273 (5th Cir.), *cert. denied sub nom. Mire v. Univ. Hosp. & Clinics, Inc.*, 144 S. Ct. 2608 (2024); *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 460 (5th Cir. 2020);

*Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 855 (E.D. Tex. 2017). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cordova*, 92 F.4th at 273 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); *see Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023). "[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." FED. R. CIV. P. 11 Advisory Committee Note to 1993 Amendment.

Further, the Eastern District of Texas's Local Rules explicitly caution attorneys that generative artificial intelligence tools may produce factual and legal inaccuracies and reminds attorneys that they must verify the information that they submit to the court:

> If the lawyer, in the exercise of his or her professional legal judgment, believes that the client is best served by the use of technology (e.g., ChatGPT, Google Bard, Bing AI Chat, or generative artificial intelligence services), then the lawyer is cautioned that certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's most important asset – the exercise of independent legal judgment. If a lawyer chooses to employ technology in representing a client, the lawyer continues to be bound by the requirements of Federal Rule of Civil Procedure 11, Local Rule AT-3, and all other applicable standards of practice and must review and verify any computer-generated content to ensure that it complies with all such standards.

Local Rule AT-3(m).

If any one of Rule 11's obligations is unsatisfied, the court has discretion to impose an appropriate sanction upon the violating party. *Whitehead*, 332 F.3d at 802; *see Murphy v. Dalton*,

4

No. 21-10589, 2021 WL 4998684, at *2 (5th Cir. Oct. 27, 2021); *Jeanty v. Txfm, Inc.*, No. 4:19-CV-366-ALM-CAN, 2020 WL 8084980, at *1 (E.D. Tex. Nov. 24, 2020) (quoting *Jabary v. McCullough*, 325 F.R.D. 175, 182-83 (E.D. Tex. 2018))*, adopted by* No. 4:19-CV-366, 2021 WL 89982 (E.D. Tex. Jan. 11, 2021); *Iris Connex, LLC*, 235 F. Supp. 3d at 855 (stating that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose" upon the party violating Rule 11 (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 876-77 (5th Cir. 1988))).

"Many harms flow from the submission of fake opinions." *Mata*, 678 F. Supp. 3d at 448. For instance:

> The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.

*Id.* at 448-49.

Here, Monk submitted the Response without reading the cases cited, or even confirming the existence or validity of the cases included therein. In fact, it is unclear what legal research, if any, Monk completed before filing the Response. Furthermore, after Goodyear specifically identified the nonexistent legal authorities contained in the Response, Monk took no action to verify his research. He failed to withdraw or otherwise address theses issues when raised by Goodyear. In fact, Monk's sur-reply to Goodyear's reply makes no mention of the problems inherent in the Response. "This silence is deafening." *Iovino v. Michael Stapleton Assocs., Ltd.*, No. 5:21-CV-00064, 2024 WL 3520170, at *7 (W.D. Va. July 24, 2024). It was only after the

5

court entered the Show Cause Order that Monk sought leave to amend the Response.  Monk's conduct reveals that he "failed to determine that the argument he made was 'legally tenable.'" *Park*, 91 F.4th at 615 (quoting *Cooter & Gell*, 496 U.S. at 393).  The Response presents a false statement of law to the court, and it appears that Monk failed to make a reasonable inquiry required by Rule 11 and long-standing precedent into the validity of the arguments he presented. Moreover, he failed to correct these issues when opposing counsel identified them.

Accordingly, the court finds the following sanctions are appropriate to deter future improper submissions:

- Monk is ordered to pay a $2,000 penalty into the registry of the court;

- Monk is ordered to attend a continuing legal education course, for a minimum of one-hour Texas MCLE credit, on the topic of generative A.I. in the legal field and submit proof to the court of his attendance by February 3, 2025; and

- Monk is ordered to provide a copy of this order to Plaintiff and to file certification on the docket in this case attesting that he has done so within 21 days of this order.

Additionally, the court grants Plaintiff's Motion to Amend its Response (#45).  If Goodyear chooses, it may file a reply to the Amended Response within seven days of this order.  If Goodyear files such a reply, Plaintiff may file a sur-reply within seven days of the reply.

SIGNED at Beaumont, Texas, this 25th day of November, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE