IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES GAUTHIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-281 |
| | § | |
| THE GOODYEAR TIRE & RUBBER CO., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Goodyear Tire & Rubber Co. ("Goodyear") files this Reply in Support of its Motion for Summary Judgment and respectfully requests that the Court grant summary judgment on Plaintiff's claims. As detailed below, Gauthier's Amended Response to Defendant's Motion for Summary Judgment ("Response") not only abandons the portions of his claim that relate to alleged tampering of a witness, altering of evidence, and perjury, it is also based on arguments that rely solely on speculation, failing to create a genuine issue of material fact.

Gauthier does not dispute that the only evidence he presents in support of his claims is his own, subjective belief that he was terminated because he refused Goodyear's demand to change his statement so that Goodyear could avoid a fine. This is apparent from Gauthier's conclusory statements that are unsupported by evidence or authority.

A. **GAUTHIER ABANDONED HIS TAMPERING OF A WITNESS, ALTERING EVIDENCE, AND PERJURY CLAIMS**

Goodyear is entitled to summary judgment on Plaintiff's *Sabine Pilot* claims based on his allegations that Goodyear required him to engage in acts that consisted of tampering of a witness (Section 36.05 of the Texas Penal Code), altering evidence in an official proceeding (Section 37.09 of the Texas Penal Code), and perjury (Section 37.02 of the Texas Penal Code), because Gauthier

entirely failed to address these claims in his Response. A party abandons a claim when it fails to address it in response to a dispositive motion. *Terry Black's Barbeque, LLC v. Sate Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). Accordingly, Defendant's Motion on Plaintiff's *Sabine Pilot* claims based on tampering of a witness, altering evidence in an official proceeding, perjury claim is unopposed, and Goodyear is therefore entitled to summary judgment on this claim for the reasons set forth in its Motion.

**B.    GAUTHIER'S SUBJECTIVE BELIEF THAT HE WAS REQUIRED TO COMMIT AN ILLEGAL ACT DOES NOT CREATE A FACT ISSUE**

In an effort to attempt to salvage his remaining *Sabine Pilot* claim, based upon his argument that Goodyear terminated him for refusing to falsify a statement that somehow could have resulted in a regulatory fine, Gauthier relies solely on his subjective belief that he was terminated for refusing to change his statement so that Goodyear could "get out of the fine." Response at p. 2. But a mere "regulatory violation" is not a criminal act carrying criminal penalties, and; therefore, even this alleged action cannot support a *Sabine Pilot* claim. *See Winters v. Houston Chronicle Publ'g. Co.*, 795 S.W.2d 723, 724 (Tex. 1990) (to be actionable, the illegal acts at issue must carry criminal penalties); *Sabine Pilot Serv. v. Hauck,* 687 S.W.2d 733, 735 (Tex. 1985); *Hancock v. Express One Int'l, Inc.*, 800 S.W.2d 634, 636 (Tex. App.—Dallas 1990, writ denied).

Gauthier cites to *Higginbotham v. Allwaste, Inc.*, claiming the court in that case held that falsifying testing records *could* form the basis of a *Sabine Pilot* claim.  Response at p. 3 (emphasis added).  But the present case is not analogous to *Higginbotham*, which relates to statements made in financial documents to the company's internal auditor and as part of filings with the SEC.  *See* 889 S.W.2d 411, 412 (Tex.App—Houston [14th Dist.] 1994, writ denied).  In *Higginbotham*, the plaintiff claimed he was asked to prepare schedules and rehearse answers concealing information to the company's internal auditor to hide overstatements in profits for financial reports to be filed

2

with the SEC. *See generally*, *id*. The actions that *Higginbotham* claimed his employer asked him to do were clear violations of federal law carrying criminal penalties and were not "falsifying testing records," as Gauthier claims. *Id*. at 416.[1] Unlike in *Higginbotham,* Gauthier has presented no evidence that Goodyear directed him to change his statement for the specific purpose of falsifying a government filing or avoiding a fine. There is also no evidence that Goodyear asked Gauthier to violate a law that would carry criminal sanctions. *Higginbotham* does not state that falsifying testing records necessarily forms the basis of a *Sabine Pilot* claim or that an employee's subjective belie[f] automatically creates a fact issue precluding summary judgment, and it is far from dispositive authority in this case.

In any event, Gauthier's subjective belief that he was terminated due to his refusal to perform what he characterizes as an "illegal act," without more, is simply not enough to raise a fact issue. *Robinson v. The Devereux Foundation*, No. 14-01-00081-CV, 2002 WL 1315631, at *3 (Tex.App.—Houston [14th Dist.] June 6, 2002, pet. denied) (not designated for publication) (holding employee's subjective belief that she was terminated for refusing to commit an illegal act, without more, is not sufficient to raise a fact issue). Beyond mere speculation and conjecture, Gauthier offers nothing to show that Goodyear attempted to persuade Gauthier to change his statement in order to avoid any alleged fines.[2] Without evidence that Goodyear asked Gauthier to perform an objectively illegal act, his claim cannot survive summary judgment. *See White v. FCI USA, Inc.*, 319 F.3d 672, 677 (5th Cir. 2003) (holding summary judgment was proper when only evidence presented was employee's subjective interpretation of supervisor's remarks rather than

---

[1] While the appellate court overturned the district court's summary judgment award in *Higginbotham*, it did so because it found fact issues as to whether the employee's conduct was insubordination or whistleblowing, whether Higginbotham performed the duties but refused to go along with the plan to deceive the auditor, and whether the actual conduct committed was an offense under federal law. *See generally*, *id.* at 411-417.

[2] The summary judgment evidence clearly shows that Goodyear reported the leak to the agency.

being asked or required to commit an unlawful act); *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 523 (Tex.App.—Dallas 2020, pet. filed) (finding summary judgment proper without evidence that employee was ever required to sign false tax statements or other financial documents but rather stated he would not execute such documents if there was a breach of the APA or other improper entries); *Tollack v. Allianz of America Corp.*, No. 05-91-01943-CV, 1993 WL 321458, at *3 (Tex.App.—Dallas Aug. 16, 1993, writ denied) (not designated for publication) (findings the absence of summary judgment evidence showing employee was asked or required to commit an alleged illegal act, when employee refused to sign tax documents because he believed it would subject him to criminal liability, did not meet the *Sabine Pilot* exception); *Prigmore v. Wilson Engraving Co., Inc.*, No. 05-92-02125-CV, 1993 WL 209654, at *3 (Tex.App.—Dallas June 15, 1993, writ dism'd w.o.j.) (not designated for publication) (holding it was not enough that employee unilaterally refused to perform an act based on his belief that such an act was illegal).

    Gauthier erroneously relies on a number of cases in an effort to argue that this Court cannot grant summary judgment, claiming that a jury must decide whether Goodyear "required" Gauthier to perform an allegedly illegal act. *Morales v. SimuFlite Training Int'l, Inc.*, for example, which Gauthier cites, does not stand for the proposition that he claims. The *Morales* court found, based on very specific facts, that there was more than a scintilla of evidence in the summary judgment record to show that plaintiff's refusal to commit an act with criminal actions led to his termination. 132 S.W.3d 603, 608-610 (Tex. App.—Fort Worth 2004, no pet.). The court did not broadly hold that "whether an employer's statement rises to the level of a 'request' or 'requirement' is generally a question of fact," as Plaintiff represents. Response at p. 3.

    Similarly, the *White v. FCI USA, Inc.* case does not hold that the question of whether the employer required the illegal act is typically a fact issue to be decided by a jury, as Plaintiff

represents. Response at p. 3. On the contrary, the *White* court noted, in finding that the plaintiff did not submit any evidence that she was *required* by defendant to commit unlawful acts, that a factual dispute precludes summary judgment only if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. 319 F.3d 672, 674-76 (5th Cir. 2003). Citing to *Burt v. City of Burkburnett,* 800 S.W.2d 625, 626–27 (Tex.App.—Fort Worth 1990, writ denied)*,* the *White* court found that the plaintiff only presented her subjective interpretation of her supervisor's remarks and that this was not sufficient to show that she was required, not just requested, to commit unlawful acts*. Id.* If *White* and *Morales* held more generally that every question of whether an employer's directive amounts to a request to perform an illegal act is a fact issue precluding summary judgment, as Gauthier presents, no employer would ever be granted summary judgment on a *Sabine Pilot* claim. Here, because Gauthier has failed to show that he was required by Goodyear to commit an illegal act, Goodyear is entitled to summary judgment.

**C.   THERE IS NO FACT ISSUE AS TO WHETHER GAUTHIER WAS TERMINATED SOLELY FOR REFUSING TO COMMIT AN ILLEGAL ACT**

Notwithstanding the fact that giving an employee a chance to change his statement in an internal company document is not an illegal act, Gauthier does nothing to show that he was terminated for refusing to change his statement. Gauthier does not even attempt to refute Goodyear's actual, stated reason for his termination – that the timeline he presented as part of the investigation did not match the other employees' statements or records and that Gauthier did not inform his manager of the leak.

Arguing that this issue must necessarily be presented to a jury, Gauthier mistakenly relies on *Burton v. Freescale Semiconductor, Inc.* But the *Burton* case is not a *Sabine Pilot* case. *See generally,* 798 F.3d 222, 244 (5th Cir. 2015). The *Burton* court found merely that because the employer's reasons leading up to the employee's termination changed, a jury could determine there

5

was a fact issue as to the employer's true rationale. Here, Gauthier presents no evidence, other than his own subjective belief, that Goodyear's stated reason for his termination was false. Gauthier cannot manufacture a fact issue on this basis.

Gauthier also references *Texas Dept of Human Servs v. Hinds* to argue that the Texas Supreme Court has held that the refusal to perform an illegal act is a fact question for the jury. Response at p. 4 and 5. But the *Hinds* case does not support Gauthier's position, as it states that the employee must prove that his refusal to perform an illegal act was the sole cause of his discharge, holding that "an employer who discharges an employee both for refusing to perform an illegal act and for a legitimate reason or reasons cannot be liable for wrongful discharge." 904 S.W.26 629, 633 (Tex. 1995). Similarly, *Physio GP, Inc. v. Naifeh* and *City of Midland v. O'Bryant* do not stand for the propositions for which they are being cited. Response at p. 5. Because the actual, controlling authority supports Goodyear's legal position, and Gauthier cannot create a fact issue regarding Goodyear's reason for his termination, his *Sabine Pilot* claim should be dismissed in its entirety.

## II.    CONCLUSION

For the foregoing reasons, Goodyear asks the Court to grant its summary judgment on the entirety of Gauthier's claims, to dismiss Gauthier's lawsuit with prejudice, and to grant Goodyear any and all further relief, at law or in equity, to which it may be justly entitled.

Dated: December 2, 2024

*Of Counsel:*

Urvashi Morolia
State Bar No. 24096083
Federal I.D. No. 3436021
umorolia@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

*/s/ Kelley Edwards*
Kelley Edwards
State Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, the foregoing document was e-filed with the Clerk of the Court using the CM/ECF system which will send electronic notice of filing to the following counsel of record:

Brandon P. Monk
THE MONK LAW FIRM
4875 Parker Drive
Beaumont, Texas 77705
Phone: (409) 724-6665
Fax: (409) 729-6665
brandon@themonklawfirm.com

ATTORNEY FOR PLAINTIFF

*/s/ Kelley Edwards*
Kelley Edwards